CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/15/2026
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

| | |
|---|---|
| STACY CLAYBORNE CLARK, *Plaintiff,* v. SUNSHINE MILLS, INC., *Defendant.* | CASE NO. 6:26-CV-00105<br><br>**MEMORANDUM OPINION & ORDER**<br><br>JUDGE NORMAN K. MOON |

Plaintiff Stacy Clayborne Clark, proceeding *pro se*, sued his former employer, Sunshine Mills, Incorporated, alleging that he was fired in violation of The Family and Medical Leave Act ("FMLA"). *See* Dkt. 1 at 3. Rather than paying the $405 filing fee, he moved for leave to proceed *in forma pauperis*, *see* Dkt. 2, which the Court granted, *see* Dkt. 3. Given his IFP status, the Court will conduct an initial screening of his complaint, *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006), and dismiss any claims that fail as a matter of law. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Because Clark fails to state any claim under the FMLA, his claims must be dismissed. However, because the deficiencies in the Complaint are easily curable, the Court shall grant leave to file an Amended Complaint.

## I. BACKGROUND

Clark initiated this action by filing a Pro Se 7 Form for Employment Discrimination. He checked boxes indicating that his claims are for interference and retaliation under the FMLA. *See* Dkt. 1 at 5. Factually, he alleges that, on July 8, 2025, he left work in excruciating pain and was diagnosed with kidney stones in the emergency room. *See* Dkt. 1 at 3. When he returned to work

on July 11, he alleges that he was terminated after requesting "the FMLA forms" from his immediate supervisor. *Id.* The complaint makes no further allegations.

## II. LEGAL STANDARDS

28 U.S.C. § 1915(e) permits district courts to, on their own motion and at any time, dismiss IFP complaints that are frivolous, malicious, or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). This procedural vehicle is governed by the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Minter v. Clarke*, 2022 WL 4537904, at *3 (E.D. Va. Sep. 12, 2022) (comparing standards). To survive this stage, a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the plaintiff must allege facts that, taken as true, establish the necessary elements of the cause of action they invoke. *See Dickson v. Microsoft Corp.*, 309 F.3d 193, 201-02 (4th Cir. 2002). A plaintiff must provide "more than labels and conclusions[ or] a formulaic recitation of the elements of a cause of action," though he "does not need detailed factual allegations." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Because Clark is proceeding *pro se*, his allegations "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2009) (quotation omitted); *see also Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (stating that *pro se* complaints are "liberally construe[d]" (citation omitted)). Moreover, where the complaint is legally insufficient but gives some indication that the plaintiff might be entitled to relief, dismissal should be without prejudice. *See King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016); *Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978).

## III. ANALYSIS

The FMLA grants eligible employees a right to "a total of 12 workweeks of leave during any 12-month period" for six family-health-related reasons. 29 U.S.C. § 2612(a)(1). One such reason is "a serious health condition that makes the employee unable to perform the functions of the[ir] position." *Id.* § 2612(a)(1)(D); *see also id.* § 2611(11) (defining "serious health condition"). The FMLA also makes it unlawful to "interfere with, restrain, or deny" an employee's exercise of their rights to leave (*i.e.*, an interference claim) or to "discharge or in any manner discriminate" against an employee for "opposing any practice" that violates the Act (*i.e.*, a retaliation claim). *See id.* § 2615(a)(1)–(2).

"Interference and retaliation are distinct causes of action under the FMLA and must be pled individually." *Twine v. AT&T, Inc.*, 755 F. Supp. 3d 959, 981-82 (E.D. Va. 2024) (citing *Shipton v. Balt. Gas & Elec. Co.*, 109 F.4th 701, 707 (4th Cir. 2024)). Therefore, because Clark alleges both, the Court will address each in turn.[1]

### A. Interference

To state a claim for FMLA interference, a plaintiff must plausibly allege that "(1) she is entitled to an FMLA benefit; (2) her employer interfered with the provision of that benefit; and (3) that interference caused harm." *Twine*, 755 F. Supp. 3d at 982 (quoting *Shipton*, 109 F.4th at 705-06). To establish the first element—entitlement to FMLA benefits—the plaintiff must allege that they are an "eligible employee" and that they provided adequate notice of their intent to take medical leave. *See, e.g.*, *Rhoads v. F.D.I.C.*, 257 F.3d 373, 384 (4th Cir. 2001) (discussing

[1] Clark also listed Section 2915(b) on his Pro Se 7 form. *See* Dkt. 1 at 5. This provision applies only where an "inquiry or proceeding relating to any right provided" by FMLA has already begun. *See* 29 U.S.C. § 2915(b). Because Clark does not allege that any such "inquiry or proceeding" had begun before he was terminated, the Court will dismiss this claim as well.

entitlement to FMLA benefits); *Sewel v. Am. Tire Distributors, Inc.*, No. 3:21-cv-00394, 2022 WL 3969941, at *2 (W.D.N.C. Aug. 30, 2022) (collecting cases).

Here, Clark does not allege that he was an "eligible employee." An employee is eligible for FMLA benefits only if they have been employed: (1) "for at least 12 months by the[ir] employer," and (2) "for at least 1,250 hours of service . . . during the previous 12-month period." 29 U.S.C. § 2611(2)(A). Further, an employee is not eligible if they are employed by the federal government or if their employer employs fewer than 50 employees within the 75-mile radius from their worksite. *See id.* § 2611(2)(B).

Clark's Complaint does not discuss any of these prerequisites for eligibility. Therefore, he failed to establish a necessary element of the claim, and it must be dismissed. *See Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) ("[A] plaintiff [must] allege facts sufficient to state all the elements of her claim." (citing *Dickson*, 309 F.3d at 213)); 28 U.S.C. § 1915(e)(2)(B)(ii).

B. <u>*Retaliation*</u>

The elements of a retaliation claim under the FMLA are: (1) the employee engaged in protected activity, (2) their employer took adverse action against them, and (3) the adverse action was causally connected to the protected activity. *See, e.g.*, *Sabouri-Yazdi v. Red Coats, Inc.*, 751 F. App'x 389, 391 (4th Cir. 2018). But "[the plaintiff] must of course be entitled to FMLA benefits" to state a valid FMLA retaliation claim. *Pagel v. TIN Inc.*, 695 F.3d 622, 631 (7th Cir. 2012).[2]

---

[2] The Fourth Circuit has never squarely held that requesting non-FMLA leave cannot sustain a retaliation claim. *See Fry v. Rand Constr. Corp.*, 964 F.3d 239, 249 (4th Cir. 2020) (affirming an evidentiary exclusion based on the district court's "uncertainty" on that question); *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 205 (4th Cir. 2016) (clarifying that "termination for calling in FMLA for non–FMLA reasons is not direct evidence of retaliation" (internal quotation omitted)). However, "the weight of authority holds that eligibility for benefits under the FMLA is necessary to state an FMLA retaliation claim." *Noisette v. Holy City Hosp.*, No. 2:16-cv-02829, 2017 WL

Because Clark never pleaded eligibility to FMLA benefits, *see* Part III.A., *supra*, he has also failed to state a claim for FMLA retaliation. Accordingly, his retaliation claim will also be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

Following the Court's review of Clark's Complaint under Section 1915(e), his claims are **DISMISSED WITHOUT PREJUDICE**. But because Clark is proceeding *pro se*, and because the deficiencies in his Complaint could be easily cured, the Court grants him **LEAVE TO FILE AN AMENDED COMPLAINT**. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). If Clark elects to file an amended complaint, he must do so by **Thursday, October 15, 2026**; failure to do so will result in this case being closed and stricken from the active docket. No summons shall issue at this time, and further proceedings shall be stayed until the deadline to file the Amended Complaint.

It is so **ORDERED**.

Entered this 15th day of September, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

3314227, at *3 (D.S.C. Aug. 3, 2017) (citing cases); *Sherif v. Univ. of Md. Med. Ctr.*, 127 F. Supp. 3d 470, 482 (D. Md. 2015) (same).